# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:15-CR-4-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **KATLIN QUATEZ GODFREY (9)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On October 30, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine (lesser included offense), a Class C felony, Defendant Katlin Quatez Godfrey was sentenced on October 12, 2016 by United States District Judge Ron Clark. The offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. The Court accepted a binding plea agreement for a term of imprisonment below the guideline range. Defendant was sentenced to 54 months of imprisonment followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and vocational training.

1

Defendant completed his term of imprisonment and started his term of supervised release on February 8, 2019.  The case was reassigned to United States District Judge Jeremy D. Kernodle on October 24, 2019.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 30, 2019, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.**  It is alleged that on June 25, 2019, Defendant was arrested for Criminal Trespass.

2. **Allegation 2 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**.  It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on July 16, 2019 and July 9, 2019 and tested positive for marijuana on May 8, 2019 and May 20, 2019.  It is also alleged that on March 28, 2019 Defendant submitted a urine specimen that tested positive for Benzodiazepines.

3. **Allegation 3 (standard condition 9):  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer**.  It is alleged that Defendant was arrested on June 25, 2019 at a residence where drug paraphernalia, cocaine, and marijuana were found.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was VI.  The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, capped by the statutory maximum of 2 years.  The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On October 30, 2019, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 24 months of imprisonment, with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Memphis.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 24 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 24 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Memphis.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 24 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 30th day of October, 2019.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE